**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

REY QUINONEZ,

      Plaintiff,

v.                                                       No. CIV 09-0082 BB/ACT

ALBUQUERQUE POLICE DEPARTMENT,
OFFICERS B. WERLEY AND
R. GARCIA ET AL,

      Defendants.

MEMORANDUM OPINION AND ORDER

      This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

      The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal

standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Officers Werley and Garcia injured Plaintiff by using excessive force on him while he was being booked on criminal charges. Plaintiff contends that Defendants' actions violated his constitutional protections. He seeks damages.

The complaint names the Albuquerque, New Mexico, Police Department as a Defendant. A municipal police department is not a proper defendant ("person") and cannot be held separately liable in an action under § 1983. *See Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (dismissing § 1983 claims against Denver Police Department as non-suable entity), *vacated and remanded on other grounds sub nom. Tyus v. Martinez*, 475 U.S. 1138 (1986); *see also Stump v. Gates*, 777 F. Supp. 808, 816 (D. Colo. 1991) (". . . local government departments have no greater separate identity from cities than do their officials when they are acting in their official capacities.") (citing *Brandon v. Holt*, 469 U.S. 464, 472 and n.21 (1985)), *aff'd*, No. 92-1134, 1993 WL 33875 (10th Cir. Feb. 11, 1993). For purposes of this order, therefore, Plaintiff's claims against the Defendant Albuquerque Police Department are construed as directed at the municipality itself.

No relief is available on Plaintiff's claims against the city. Municipal liability under 42 U.S.C. § 1983 for an alleged constitutional violation by an employee requires that a municipal policy or custom was the "moving force" behind the violation. *See Martinez v. Montrose Sheriff's Dep't*, 12 F. App'x 837, 838 (10th Cir. 2001) (citations omitted). Here, Plaintiff "has not alleged any facts to support a claim that his injuries resulted from an unconstitutional policy or custom." *Stevenson v. Whetsel*, 52 F. App'x 444, 446 (10th Cir. 2002) (citing *Watson v. City of Kansas City*, 857 F.2d

690, 695 (10th Cir. 1988)). Plaintiff's claims against Defendant Albuquerque Police Department will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendant Albuquerque Police Department are DISMISSED with prejudice, and Defendant Albuquerque Police Department is DISMISSED as a party to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint, for Defendants B. Werley and R. Garcia.

_____
UNITED STATES DISTRICT JUDGE